U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

APR 1 6 2015

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

**MARLEY KING**                                               **PLAINTIFF**

**v.**                          NO. ___15-1028___

**TWYLA NORSWORTHY, M.D.,**
**NORSWORTHY OB/GYN ASSOCIATES, P.L.L.C.**
**And NORSWORTHY MEDISPA, L.L.C.**                          **DEFENDANTS**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Twyla Norsworthy, M.D. ("Dr. Norsworthy"),

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal in this case from the

Circuit Court of Columbia County, Arkansas, in which court this case was commenced, to the

United States District Court for the Western District of Arkansas, El Dorado Division, being the

district and division embracing the place where the case is pending.  In Support of this Notice of

Removal, Dr. Norsworthy states the following:

1.      Plaintiff filed her original action on March 10, 2015.  The Complaint and

Summons were served on March 18, 2015 on all named Defendants.  This removal was timely

effected within thirty days of service of the Summons and Complaint.  28 U.S.C. § 1446(b); *see*

*also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that "a

named defendant's time to remove is triggered by simultaneous service of the summons and

complaint, or receipt of the complaint . . . after and apart from service of the summons").

### *Plaintiff's Allegations*

2.      This case involves allegations that Dr. Norsworthy committed acts of medical

negligence, battery, and breach of contract in performing a surgical procedure known as an

"awake abdominoplasty" on Plaintiff on March 12, 2013.  (Compl. ¶¶ 4-9; 10-11; and 12-13).

3.       Despite including Norsworthy OB/GYN Associates, P.L.L.C. and Norsworthy Medispa, L.L.C. as named Defendants in this action, Plaintiff makes no factual allegations in support of any wrongdoing on the part of either entity.  Likewise, Plaintiff makes no allegations of vicarious liability or of an agency relationship between Dr. Norsworthy and either entity.

4.       Plaintiff seeks monetary relief for: (a) injuries and damages to her body; (b) pain, suffering, mental anguish, and emotional distress; (c) past medical and hospitalization expenses; (d) future medical and hospitalization expenses; (e) damages due to the battery of Plaintiff's body; (f) damages due to breach of contract, including attorney's fees; (g) punitive damages "if appropriate"; and (h) and court costs.  (Compl. ¶ 14 and "WHEREFORE" ¶).

### *Bases for Removal*

5.       The Court has original jurisdiction over the instant action under diversity of citizenship of the parties under 28 U.S.C. § 1332(a)(1), for the following reasons: (i) Plaintiff is a citizen of the State of Arkansas (Compl. ¶ 1); (ii) Dr. Norsworthy is a citizen of the State of Florida; (iii) Defendants Norsworthy OB/GYN Associates, P.L.L.C. and Norsworthy Medispa, L.L.C. are not real parties in interest and, alternatively, if either were a real party in interest, the citizenship of both entities for diversity purposes would follow that of the sole member of each, *i.e.*, Dr. Norsworthy; and (iv) the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this case is removable under 28 U.S.C. § 1441(a).

### Diversity of Citizenship Exists

6.       Diversity is determined by the domiciles of the parties when a lawsuit is initiated. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768-69 (8th Cir. 1986).  Domicile, although synonymous with citizenship, is not synonymous with residency, and a person may have only

one domicile at a time. *Janzen v. Goos*, 302 F.2d 421 (8th Cir. 1962). To establish domicile, an individual must be both (1) physically present in the state and (2) have the intent to make her home there indefinitely with no determinative endpoint. *Altimore*, 420 F.3d at 768-69; *Holmes v. Sophuch*, 639 F.2d 431, 433-34 (8th Cir. 1981)("Although Holmes' testimony revealed that he had no specific intent to return to Missouri when he completed his studies at Ohio State, it is clear he had no intent to remain in Ohio beyond the educational period . . . [T]herefore, Holmes did not establish a new domicile in Ohio because he intended to remain there not for an indefinite period but only for as long as his studies required."). When these two factors coincide, domicile is immediately established, and there is a presumption favoring the continuation of an established domicile until it is shown to have changed. *Holmes*, 639 F.2d at 433-34.

7.      Factors frequently taken into account in determining a person's domicile include the party's current residence; voter registration and voting practices; location of real and personal property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; and payment of taxes. No single factor is determinative. *Salveson v. Miller*, 489 F. Supp.2d 963, 967 (D.S.D. 2007)(holding that party with temporary employment in South Dakota was domiciled in Kentucky despite South Dakota driver's license and mailing address). *See also, Altimore*, 420 F.3d at 769.

8.      Dr. Norsworthy is a citizen of the State of Florida. (Exhibit A, Norsworthy Declaration, ¶ 1). Although originally from Arkansas, Dr. Norsworthy and her husband moved from Arkansas to Florida in September 2012 with the intent to make Florida their new home. (Norsworthy Declaration, ¶ 2). Dr. Norsworthy and her husband purchased a home in Lakeland, Florida in in January 2013. After making renovations, they moved into the home on April 1,

3

2013. The Lakeland house was purchased as their primary residence and they continue to hold that home as their primary residence as of this date. (Norsworthy Declaration, ¶ 3). At the time she moved to Florida, however, Dr. Norsworthy still owned a house in, and had a medical practice in, Magnolia, Arkansas. Accordingly, from September 2012 until July 2013, Dr. Norsworthy continued to periodically return to Magnolia, Arkansas for about two weeks of every month to see patients, perform medical procedures, and check on her house in Magnolia. (Norsworthy Declaration, ¶ 3). In July 2013, Dr. Norsworthy and her husband were able to sell their Magnolia residence. (*Id.*). Dr. Norsworthy has not purchased any real property again in Arkansas since. (Norsworthy Declaration, ¶3).

9.      Beginning in July 2013 and continuing until January of 2014, Dr. Norsworthy only returned to Arkansas for 1-2 days of every month to see patients and perform procedures. (Norsworthy Declaration, ¶ 4). In March 2014, a personal situation caused Dr. Norsworthy to actually take custody of a family member in Florida. As a result, Dr. Norsworthy's trips to Arkansas became even more infrequent. Dr. Norsworthy then began locum tenens work in Florida, Alabama, and Tennessee. However, in June 2014, through her locum tenens agency, Dr. Norsworthy was placed for several weeks of service at Arkansas Methodist Medical Center in Paragould, Arkansas. (Norsworthy Declaration, ¶ 5). In December 2014, Arkansas Methodist Medical Center offered Dr. Norsworthy a two-year term contract of employment. Since December 2014, Dr. Norsworthy has lived in a rental house in Paragould with her husband. She maintains both her permanent residence in Lakeland, Florida and a beach home in Florida as well. (Norsworthy Declaration, ¶ 6). She has not rented out either of her Florida homes while performing this current contract work in Arkansas. It is Dr. Norsworthy's and her husband's

4

intent to return to their home in Lakeland, Florida at the end of her current two-year contractual term with Arkansas Methodist Medical Center. (*Id.*).

10.    Since moving to Florida in 2012, Dr. Norsworthy has maintained all indicia of citizenship in Florida. She and her husband regularly attended a church in Lakeland, integrated into their neighborhood by making numerous friendships, and fully intend to remain in Florida for retirement. Dr. Norsworthy is registered to vote in Polk County, Florida, where, in fact, she has voted on several occasions since 2012. (Norsworthy Declaration, ¶ 7). Dr. Norsworthy last voted in Arkansas in 2010. (*Id.*). All of Dr. Norsworthy's bank accounts and her utilities use her Lakeland, Florida mailing address. (Norsworthy Declaration, ¶ 8). Dr. Norsworthy's vehicles are all licensed in Florida. (Norsworthy Declaration, ¶ 8). Further, Dr. Norsworthy maintains a valid driver's license through the State of Florida, and pays personal property and income taxes in Florida. (Norsworthy Declaration, ¶ 9). The only property Dr. Norsworthy owns in Arkansas is the Magnolia clinic which is and has been listed for sale for quite some time. (Norsworthy Declaration, ¶ 10). Clearly, the weight of factors demonstrated by the Declaration of Dr. Norsworthy reveal that despite her current temporary presence in Arkansas, she is, in fact, a citizen of the State of Florida with the full intent to return to Florida permanently in less than two years.

11.    The entities named as Defendants in this action---Norsworthy OB/GYN Associates, P.L.L.C. and Norsworthy Medispa, L.L.C.---are not real parties in interest. No allegations of any sort of wrongful conduct have been levied against the entities named in Plaintiff's Complaint. Further, there is no agency allegation or assertion of vicarious liability made between Dr. Norsworthy and the entities. Here, Plaintiff claims that she suffered a "botched surgery". As such, the only real party in interest as a Defendant is the medical care

5

provider who performed that service, *i.e.*, Dr. Norsworthy. Accordingly, the citizenship of such nominal or formal parties has no controlling significance for removal purposes. *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967) and "may be ignored in determining whether diversity of citizenship exists." *Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015).

12.     Even if the citizenship of the entities were considered here, diversity would still exist. First and foremost, Norsworthy OB/GYN Associates, P.L.L.C. is no longer a legal entity. (Norsworthy Declaration, ¶ 12.). Secondly, "an LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). *See also, E3 Biofuels, LLC v. Biothane, LLC,* 2015 WL 1314936, --- F.3d --- (8th Cir. 2015). As demonstrated by the Declaration of Dr. Norsworthy, she has always been the only member of both entities. (Norsworthy Declaration, ¶ 13). Again, however, Norsworthy OB/GYN, P.L.L.C. is not even in existence anymore. Thus, diversity of citizenship is satisfied.

### The Complaint Places More than $75,000 in Controversy

13.     As the Eighth Circuit has explained, a party seeking to remove must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional minimum. *Bell v. Hershey* Co., 557 F.3d 953, 958 (8th Cir. 2009). In analyzing the amount in controversy, the question is "not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are. . . ." *Id.* at 959 (internal quotations and citation omitted; emphasis in original). If the defendant "prove[s] by a preponderance of the evidence that the amount in controversy is satisfied, remand is only appropriate if [the plaintiff] can establish that it is legally impossible to

6

recover in excess of the jurisdictional minimum." *Id.* Given the allegations at issue, including Plaintiff's request for punitive damages, it is entirely conceivable that a fact finder might legally conclude that Plaintiff's damages are in excess of $75,000.

14.     Assuming for purposes of this filing that all of the allegations of the Complaint in this case are true, and disregarding for purposes of this filing each and every defense of the Defendants, the Complaint places more than $75,000 in controversy, exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction.

15.     A copy of all process and pleadings served on the Defendants is attached as Exhibit B. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through her counsel of record and a copy of this Notice of Removal has been filed with the Circuit Court for Columbia County, Arkansas.

Respectfully submitted,

Jane W. Duke, Ark. Bar No. 96140
**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
(501) 688-8842
jduke@mwlaw.com

*Attorney for Twyla Norsworthy, M.D., Norsworthy OB/GYN Associates, P.L.L.C., and Norsworthy Medispa, L.L.C.*

7

## CERTIFICATE OF SERVICE

I, Jane W. Duke, certify that a copy of the foregoing was served via e-mail and first-class U.S. mail, postage prepaid, on the _15th_ day of April, 2015, upon the following:

Cary G. Rochelle
2224 St. Michael Drive
Texarkana, TX  75503
rochellelaw@cableone.net

Jane W. Duke

8